**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

SUNTRUST BANK,

                Plaintiff,

-vs-                                                      Case No. 2:11-cv-198-FtM-36SPC

DEBRA C. WATTS, also known as, DEBRA
WATTS, also known as, DEBRA C. PIKULA, also
known as, DEBRA COLLEEN WATTS, also
known as, DEBRA COLLEEN ANTONIAK, also
known as DEBRA C. ANTONIAK,

                Defendant.

_____

## ORDER

This matter comes before the Court on Plaintiff's Motion for Entry of Clerk's Default Against Defendant (Doc. #10) filed on June 3, 2011. The Plaintiff moves for an entry of clerk's default and states that service was effectuated on April 19, 2011, personally on Defendant Debra C. Watts at her residence. The Plaintiff filed the Proof of Service (Doc. # 7) on May 9, 2011. The Proof of Service shows that Debra C. Watts, was personally served with process at 4499 10th Avenue SE, Naples, Florida 64117, on April 19, 2011.

The entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. Florida law allows service of an individual "by delivering a copy of [the summons and complaint] to the person to be served

... or by leaving the copies at [a Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1). Baca v. Zee Auto Center, Inc., 2007 WL 2298076, *1 (M.D. Fla. Aug. 7, 2007).

In this case, the Summons and Complaint was personally served on Defendant Debra C. Watts on April 19, 2011. This was proper under Florida law. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. To date, there has been no responsive pleading with respect to the Complaint from the Defendant. Therefore, the entry of clerk's default is appropriate at this time.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default Against Defendant (Doc. #10) is **GRANTED**. The Clerk of Court is directed to enter clerk's default against Defendant Debra C. Watts, a/k/a Debra Watts, a/k/a Debra C. Pikula, a/k/a Debra Colleen Watts, a/k/a Debra Colleen Antoniak, a/k/a Debra C. Antoniak.

**DONE AND ORDERED** at Fort Myers, Florida, this   7th   day of June, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record