UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION


SUNTRUST BANK,

    Plaintiff,

v.                                          CASE NO: 2:11-cv-198-FtM-UA-SPC

DEBRA C. WATTS a/ka
DEBRA WATTS a/k/a
DEBRA C. PIKULA a/k/a
DEBRA COLLEEN WATTS a/k/a
DEBRA COLLEEN ANTONIAK a/k/a
DEBRA C. ANTONIAK a/k/a
DEBRA ANTONIAK,

    Defendant.
_____/

# O R D E R

Before the Court is Plaintiff's Motion for Summary Judgment. (Dkt. 21). The Defendant *pro se*, having made an appearance in this case, has failed to respond to the motion after notice. After careful consideration of the motion and the entire file, the Court concludes that the motion should be granted.

Plaintiff SunTrust Bank sued Defendant in a one-count complaint to recover the unpaid balance of an "Access 3 Equity Line Account Agreement and Disclosure Statement" (Home Equity Agreement) with a principal amount of $106,000.00. The Complaint alleges that Defendant failed to make installment payments on the Home

Equity Agreement and that Defendant is now in default, thereby accelerating the balance due.  Plaintiff seeks a judgment for the unpaid balance plus interest, attorney's fees, costs and other charges pursuant to the loan agreement.  Plaintiff's supporting affidavit, executed by the records custodian of SunTrust Bank, avers that the outstanding balance of the equity line of credit is $105,983.53, but it does not state any amount for interest, attorney's fees or costs.

      Summary judgment shall be granted if the pleadings and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56.  Defendant, having appeared personally at a hearing held before the United States Magistrate Judge in this case on August 15, 2011,[1] and having had ample notice and opportunity to respond to the motion,[2] filed a general denial of the Complaint without asserting any affirmative defenses.[3]  The pleadings establish that the Home Equity Agreement as a promissory note, "mature and regular on its face," should be *prima facie* enforced.  See SunTrust Bank v. Shockley, No. 5:09cv77/RS-MD, 2009 WL 1833458, at* 2 (N.D. Fla. Jun. 23, 2009) (citing Haycook v. Ostman, 397 So.2d 743 (Fla.Dist.Ct.App. 1981)).  The Defendant has failed to raise any

---

[1]  See docket 17 (Minutes of Hearing on Motion to Vacate Clerk's Default).

[2]  See docket 23 (Summary Judgment Notice).

[3]  See docket 19 (Answer).  Defendant did admit, however, in paragraph 5 that she executed and delivered the Home Equity Agreement.  She also admitted in paragraph 7 that she failed to make scheduled installment payments "under the [Home Equity Agreement], in which she is in default and Plaintiff accelerated payment of the balance."

affirmative defenses, which are necessary to challenge such a note. Shockley, 2009 WL 1833458, at *2 (citing Cole Taylor Bank v. Shannon, 772 So.2d 546, 550 (Fla.Dist.Ct.App. 2000)). Even applying the "less stringent" standard for formal pleadings to the *pro se* Defendant, as this Court is required to do,[4] the Court finds that the pleadings, the affidavit, and the entire file support granting summary judgment in Plaintiff's favor.

It is therefore **ORDERED AND ADJUDGED** as follows:

1) Plaintiff's Motion for Summary Judgment is **GRANTED.**

2) The Clerk is directed to enter judgment in favor of Plaintiff in the sum of $105,983.53, representing the principal.

3) The Clerk is directed to terminate any deadlines and/or motions and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on June 1, 2012.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record
Defendant, *pro se*

---

[4] See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (holding that allegations of *pro se* prisoner complaint are held to less stringent standard than formal pleadings drafted by lawyers).